UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

DEBORAH WASHINGTON,
    Plaintiff,
-vs.-                                         **DEMAND FOR JURY TRIAL**

WINDHAM PROFESSIONALS, INC.
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, Deborah Washington through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Windham Professionals, Inc. which is a Massachusetts company that maintains registered offices in Ingham County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Harris County.

5. Venue is proper in the Western District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Sallie Mae for a student loan.

7. Defendant has been calling Plaintiff on her cell phone, work cell phone, and work phone. Defendant first started calling Plaintiff at her place of employment since July or August of 2011.

8. Defendant repeatedly calls Plaintiff's cell phone.

9. Plaintiff first asked Defendant to stop calling her at her job sometime around September or October 2011.

10. Defendant has ignored this directive and continued to call Plaintiff at her place of employment.

11. Plaintiff first asked Defendant to stop calling her on her work cell phone sometime around September or October 2011. This cell phone is paid for by Plaintiff's employer.

12. Plaintiff specifically informed the Defendant that her work cell phone does not belong to her but rather, is provided to her by her employer.

13. Since then, Defendant has continued to call Plaintiff on her work cell.

14. On or about December 12, 2011 when Plaintiff asked Defendant to stop calling her at her work, Defendant responded by telling Plaintiff that they can legally contact her at her work because they don't have any other number for her.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

20. The Plaintiff has suffered damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

21. Plaintiff incorporates the preceding allegations by reference.

22. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

23. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

24. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

25. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

26. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

27. Plaintiff incorporates the preceding allegations by reference.

28. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

29. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

30. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

31. Plaintiff has suffered damages as a result of these violations of the MCPA.

32. These violations of the MCPA were willful.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

### DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

December 26, 2011
<div style="margin-left:2em">
<u>/s/ Gary Nitzkin</u>  
GARY D. NITZKIN  P41155  
MICHIGAN CONSUMER CREDIT LAWYERS  
Attorneys for Plaintiff  
22142 West Nine Mile Road  
Southfield, MI 48033  
(248) 353-2882  
Fax (248) 353-4840  
Email –gnitzkin@creditor-law.com
</div>